IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others Similarly Situated, | Case No.: |
| Plaintiff, | 1:24-cv-01429-KAM-JAM |
| vs, | ANSWERS AND AFFIRMATIVE DEFENSES |
| HEAVY FLUCE INC., D/B/A FRUCE AI, RALPH COHEN, | |
| Defendant(s). | |

---------------------------------------------------------X

Defendants, HEAVY FLUCE INC., D/B/A FRUCE AI and RALPH COHEN ("Defendants"), by and through its attorney, COURTNEY K. DAVY, ESQ., hereby answers the Complaint ("Complaint") filed by the Plaintiff purportedly on his own behalf and as a putative class action as follows:

**Preliminary Statement**

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1", with the exception that Defendant admits that the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phone and home phones.

2.      The defendant denies the allegations contained in paragraph "2.

3.      The defendant denies the allegations in paragraph "3." However, they admit that the plaintiff has sued on behalf of a proposed nationwide class.

4.      The defendant denies the allegations contained in paragraph "4."

**Parties**

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" and denies those allegations on that basis.

6.  Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7.  Defendant admits that Plaintiff's purports to base jurisdiction on TCPA.

8.  The defendant admits that this Court has personal jurisdiction over it.

9.  Defendant admits that Plaintiff purports to base venue on 28 U.S.C. 1391(b) but denies the truth of the remaining allegations contained in paragraph "9".

## TCPA Background

10. The defendant admits the allegations contained in paragraph "10".

11. The defendant admits the allegations contained in paragraph "11".

12. The defendant admits the allegations contained in paragraph "12".

13. The defendant admits the allegations contained in paragraph "13".

14. Defendants deny the allegations in paragraph "14".

15. Defendants deny the allegations contained in paragraph "15". However, admits that the TCPA applies to pager, cellular, and specialized mobile radio.

16. The defendant denies the allegations contained in paragraph "16".

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" and denies those allegations on that basis.

## Factual Allegations

18. The defendant denies the allegations in paragraph "18".

19. Defendant denies the allegations in paragraph "19".

20. The defendant denies the allegations contained in paragraph "20".

21. The defendant denies the allegations contained in paragraph "21".

22. The defendant denies the allegations contained in paragraph "22".

23. The defendant denies the allegations contained in paragraph "23".

24. The defendant denies the allegations contained in paragraph "24".

25. The defendant denies the allegations contained in paragraph "25".

26. The defendant denies the allegations contained in paragraph "26".

27. The defendant denies the allegations contained in paragraph "27".

28. The defendant denies the allegations contained in paragraph "28".

29. The defendant denies the allegations contained in paragraph "29".

30. The defendant denies the allegations contained in paragraph "30".

31. The defendant denies the allegations contained in paragraph "31".

32. The defendant denies the allegations contained in paragraph "32".

33. The defendant denies the allegations contained in paragraph "33".

34. The defendant denies the allegations contained in paragraph "34".

35. The defendant denies the allegations contained in paragraph "35".

36. The defendant denies the allegations contained in paragraph "36".

37. The defendant denies the allegations contained in paragraph "37".

38. The defendant denies the allegations contained in paragraph "38".

39. The defendant denies the allegations contained in paragraph "39". However, it admits that the purported screenshot has Ralph Cohen in the Field "Name" and Founder in the field "title."

40. The defendant denies the allegations contained in paragraph "40".

## **COLLECTIVE ACTION ALLEGATIONS**

41. Defendant denies the allegations in paragraph "41" of the Complaint except to admit that Plaintiff purports to bring an action 'on behalf of himself and all similarly situated throughout the United States pursuant to FCRP 23 but denies that any such action has merit.

42. The defendant denies the allegations contained in paragraph "42".

43. The defendant denies the allegations contained in paragraph "43".

44. The defendant denies the allegations contained in paragraph "44".

45. The defendant denies the allegations contained in paragraph "45".

46. The defendant denies the allegations contained in paragraph "46".

47. The defendant denies the allegations contained in paragraph "47".

48. The defendant denies the allegations contained in paragraph "48".

49. The defendant denies the allegations contained in paragraph "49".

50. The defendant denies the allegations contained in paragraph "50".

51. The defendant denies the allegations contained in paragraph "51".

## **FIRST CAUSE OF ACTION**
Telephone Consumer Protection  Act

52. The defendant incorporates by reference all previous responses to the plaintiff's allegations.

53.  The defendant denies the allegations contained in paragraph "53".

54. The defendant denies the allegations contained in paragraph "54".

55. The Defendant denies the allegations contained in paragraph "55".

56. The Defendant denies all the allegations contained in paragraph "56".

## AFFIRMATIVE (AND OTHER) DEFENSES

57. The Complaint fails to allege facts sufficient to state a claim upon which relief may be granted against the defendants.

## FIRST DEFENSE

58. Plaintiff's and purported class members' Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

59. Defendants affirmatively allege that Plaintiff and purported class members' claims are barred, in whole or in part, by the applicable statute of limitations or prescriptive period.

## THIRD DEFENSE

60. Plaintiffs' and/or purported class members' claims for relief are barred by the doctrine of laches because, by way of limitation and not limitation, Plaintiffs and purported class members delayed unreasonably in asserting the claims alleged in the Complaint.

## FOURTH DEFENSE

61. The plaintiff is estopped by reason of his own conduct, acts, or omissions to recover any claim he may have against the defendants under the Telephone Consumer Protection Act.

## FIFTH DEFENSE

62. The Plaintiff had a duty to take reasonable steps to mitigate and avoid his damages. The Plaintiff has failed to take any steps or delayed unreasonably in mitigating or avoiding his damages. Any reasonable and timely steps would have reduced or avoided damages altogether. As such, the plaintiff is barred, in whole or in part, from recovering damages in this case.

## SIXTH DEFENSE

63.     The plaintiff's claim is barred in whole or in part by the doctrine of waiver.

## SEVENTH DEFENSE

64.     Defendant affirmatively alleges that no privity of contract exists between many Plaintiffs and/or any of the purported class members, and HEAVY FLUCE INC cannot be liable as a matter of law.

## EIGHTH DEFENSE

65.     The plaintiff, by his own actions and conduct, has failed reasonable care and diligence on his own behalf and caused or contributed to his damages. Any recovery from the plaintiff must be reduced or eliminated by the proportion of damages caused by his own acts and conduct.

## NINTH DEFENSE

66.     The Plaintiff's claim is barred because the plaintiff consented to any calls and communications received from HEAVY FLUCE INC.

## TENTH DEFENSE

67.     The plaintiff's claim is barred, in whole or in part, because the defendants have established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations.

## ELEVENTH DEFENSE

68.     The plaintiff has not suffered any actual or other damages as a result of any conduct of HEAVY FLUCE INC.

## TWELFTH DEFENSE

69.  The plaintiff's damages are barred or diminished by the plaintiff's failure to mitigate his damages, if any.

## THIRTEENTH DEFENSE

70.  The plaintiff's claim is barred, in whole or in part by the applicable statute of limitations.

## FOURTEENTH DEFENSE

71.  The plaintiff's claim is barred, in whole or in part, due to the doctrine of unclean hands.

## FIFTEENTH DEFENSE

72.  No act or omission of HEAVY FLUCE INC was a substantial factor in bringing about the damages alleged, nor was any act or omission of HEAVY FLUCE INC a contributing cause. Any acts or omissions of HEAVY FLUCE INC were superseded by the acts or omissions of others, including the plaintiff or other third parties named or not named in the complaint, which were the independent, intervening, and proximate cause of the damage or loss alleged sustained by the plaintiff.

## SIXTEENTH DEFENSE

73.  The plaintiff's claims are barred in whole or in part, because calls, if any, were made with consent, made manually, made for a valid purpose, or HEAVY FLUCE INC did not make them.

## SEVENTEENTH DEFENSE

74.  The plaintiff's calms are barred, in whole or in part, because the plaintiff was not charged for calls, if any, made to his device.

## EIGHTEENTH DEFENSE

76. The plaintiff's claim is barred, in whole or in part, because the steps taken by HEAVY FLUCE INC were reasonable.

## NINETEENTH DEFENSE

75. Plaintiffs and members of the purported class lack standing to assert claims because they have not suffered damage or injury.

## TWENTIETH DEFENSE

76. Plaintiffs and members of the purported class have suffered no damages as a result of any action or inaction on the part of HEAVY FLUCE INC.

## TWENTY-FIRST DEFENSE

77. This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-SECOND DEFENSE

78. Claims of Plaintiffs and members of the purported class are barred, in whole or in part, because the alleged injuries and damages were not legally or proximately caused by any act or omission by HEAVY FLUCE INC.

## SEVENTEENTH DEFENSE

The forgoing affirmative defenses are raised by Defendant without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise.

Defendant reserves the right to amend or supplement his Answers to assert additional defenses as they become known.

WHEREFORE, Defendants respectfully request that the Court dismiss this action in its entirety and with prejudice and that this Court award Defendants their cost and attorney's fees incurred in defending this action and such other relief as it deems appropriate.

Dated: June 3, 2024
      New York, New York

_____
Courtney K. Davy, Esq.
Attorney for the Defendants
299 Broadway, Suite 1700
New York, NY 10007
212-786-2331

To: PARONICH LAW, P.C.
    Attorney for the Plaintiff
    350 Lincoln St., Suite 2400
    Hingham, MA 02043

CERTIFICATE OF SERVICE

    I certify that on June 6, 2024, the answer of HEAVY FLUCE INC was served on the attorney for the plaintiff.

PARONICH LAW, P.C.
Attorney for the Plaintiff
350 Lincoln St., Suite 2400
Hingham, MA 02043

by filing it using CM/ECF.

s/Courtney K. Davy
_____
Courtney K. Davy
Attorney for the Defendants